NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICK STROBOULIS,<br><br>       Plaintiff,<br><br>v.<br><br>METLIFE BANK, N.A. and CATHERINE STROBOULIS,<br><br>       Defendants. | Civil Action No.: 12-4612 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on the motion of Defendant MetLife Bank, N.A. ("MetLife" or "Defendant")[1] to dismiss the complaint of Plaintiff Nick Stroboulis ("Plaintiff"). (ECF No. 12). No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendant's motion is **GRANTED**, and Plaintiff's claims will be dismissed without prejudice.

## II. BACKGROUND

Plaintiff is the son of Maria Stroboulis, an elderly resident of Queens. See Compl. at 1 (ECF No. 1). Plaintiff alleges that his sister, Defendant Catherine Stroboulis ("Defendant") moved in with his mother in 2005, and in 2011 unduly influenced his mother into taking out a $70,000

---

[1] Defendant MetLife notes in its motion papers that the proper name of the Defendant is MetLife Home Loans, a division of MetLife Bank, N.A. For the purpose of clarity, the Court will refer to Defendant simply as MetLife.

reverse mortgage on her home with Defendant MetLife. Compl. at 2-3. Plaintiff contends that the reverse mortgage was improperly entered into, and seeks a declaration that the reverse mortgage is null and void, a full accounting of his sister's involvement in his mother's financial affairs, and a conversion of the reverse mortgage to a more traditional loan. Compl. at 3-4.

### III.   DISCUSSION

Defendant filed its motion on March 5, 2013. (ECF No. 12). In seeking to dismiss Plaintiff's complaint, Defendant MetLife argues first that Plaintiff lacks Article III standing because there is no "case or controversy" properly before this Court. Defendant also argues that the Court should dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) and for violation of several of the Federal Rules of Civil Procedure, namely, Fed. R. Civ. P. 8(a), 10(b), and 17(a)(1).

Standing is a question of jurisdiction rather than merits. Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007). The Court will consider Defendant's jurisdictional motion under Fed. R. Civ. P. 12(b)(1) before proceeding to its 12(b)(6) motion. See Jones v. State of Ga., 725 F.2d 622, 632 (11th Cir. 1984). Although the Court must construe the facts in favor of the nonmoving party on a motion to dismiss for lack of standing, the Plaintiff bears the burden of demonstrating that he has standing. Ballentine, 486 F.3d at 810.

To establish Article III standing, a Plaintiff must demonstrate: 1) an ongoing injury-in-fact or an immediate threat of an injury-in-fact; 2) that any such injury was or will be fairly traceable to the Defendant; and 3) that it is likely that the injury will be redressed by a favorable decision on his claims. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-62 (1992). Plaintiff has failed to make such a showing here. In neither his complaint nor his opposition to the motion to dismiss (ECF No. 14) can Plaintiff articulate a clear showing of any injury he is currently suffering or is immediately threatened with suffering. Although Plaintiff is clearly concerned by his mother's

actions, concern cannot confer standing under Article III.

Plaintiff primarily argues that his status as his mother's putative heir is sufficient to create standing.[2] Thus, any harm or waste to the property is an injury to him that can be remedied in this Court. However, it is axiomatic that an heir has no legal rights to the property of a living person. Irving Trust Co. v. Day, 314 U.S. 556, 562 (1942); In re Mack, 308-CV-690, 2009 WL 3094891 (D. Nev. Sept. 28, 2009) (decided in the context of Colorado state law); In re Holibaugh's Will, 18 N.J. 229, 234 (1955) ("No one is the heir of a living person"); Gershon, Adm'x Ad Prosequendum for Estate of Pietroluongo v. Regency Driving Ctr., Inc., 368 N.J. Super. 237, 249-250 (App. Div. 2004) ("It is well settled that a person's heirs are not defined until the time of his or her death".) In the context of a contract or conveyance such as the reverse mortgage at issue in this case, an heir is not a party to the contract and no duty is owed to an heir. See Pompa v. Am. Fam. Mut. Ins. Co., 506 F. Supp. 2d 412, 415 (D. Colo. 2007). Injury to future rights cannot confer standing on the Plaintiff, because between now and the time he attains a true interest in the property, his mother could sell the home, Plaintiff or his sister could pass away, or Plaintiff could be removed or added to his mother's will. See Caple v. Parman Mortgage Associates L.P., 11-CV-3268, 2012 WL 4511445 (E.D.N.Y. Oct. 1, 2012). Thus, Plaintiff's status as a future heir cannot give him standing to bring suit in this Court. Therefore, the Court will dismiss Plaintiff's complaint for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1).

Although Plaintiff's complaint is dismissed for lack of standing, Defendant correctly notes in its papers that the Complaint fails to satisfy multiple rules of civil procedure. First, Plaintiff's

---

[2] Although the Court must accept all adequately alleged facts as true, Plaintiff has provided only a bare assertion that he will in fact be an heir of his mother upon her death.

complaint fails to include either the required "short and plain statement of the grounds for the court's jurisdiction" or "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). That alone may be sufficient for dismissal. See Jackson v. Sec'y Pa. Dep't of Corr., 438 F. App'x 74, 75 (3d Cir. 2011). In fact, the Complaint contains neither any statement of jurisdiction nor any specified cause of action against either defendant.[3] Rather than mere typographic requirements, these rules "underscore the emphasis placed on clarity and brevity by the federal pleading rules." Binsack v. Lackawanna Cty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (citing In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). In addition to the Complaint's failure under Rule 8(a), Plaintiff's complaint fails to state his claims or defenses in numbered paragraphs, as required by Fed. R. Civ. P. 10(b).

The Court will not dismiss a complaint merely because it does not comply with Rule 8 or Rule 10(b). See Coleman v. Camacho, 2012 WL 5986455, at *3 (D.N.J. Nov. 27, 2012). However, Plaintiff must remedy these deficiencies if he elects to file an amended complaint. See Vurimindi v. Achek, 515 F. App'x 95, 97 (3d Cir. 2013) (upholding the dismissal of a complaint for failure to comply with Rule 8(a) where Plaintiff repeatedly failed, despite specific instruction from the Court, to properly plead his claims).

## IV. CONCLUSION

Because Plaintiff has failed to adequately demonstrate that he has standing to bring suit in this Court, Defendant's motion to dismiss is **GRANTED**. Plaintiff's complaint is hereby

---

[3] Plaintiff does state in his complaint that he believes his sister "unduly influenced" his mother, Compl. at 1, and in his opposition to this motion alleges a cause of action for negligence against MetLife. Pl. Br. at 1. However, neither sufficiently states a claim sufficient to satisfy the Federal Rules of Civil Procedure.

dismissed without prejudice, and Plaintiff shall have thirty (30) days as of the date of this Opinion to file an amended complaint. An appropriate Order accompanies this Opinion.

Dated: April 21, 2014

                                                       **CLAIRE C. CECCHI, U.S.D.J.**